IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| Wildlands CPR Inc., Friends of the Bitterroot Inc., Montanans for Quiet Recreation, Inc.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>UNITED STATES FOREST SERVICE; LESLIE WELDON, in her official capacity as the Regional Forester for Region One; GLORIA MANNING, in her official capacity of the appeal deciding officer for the Chief of the Forest Service, Dave Meyer, in his official capacity as Forest Supervisor for the Beaverhead Deerlodge National Forest,<br><br>　　　　Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV 10-104-M-DWM<br><br><br><br><br><br>ORDER |

**I. Introduction**

Montana Snowmobile Association, Inc. and Idaho State Snowmobile Association (collectively, Snowmobile Associations) move to intervene as defendant-intervenors as of right pursuant to Fed. R. Civ. P. 24(a)(2), or in the

alternative to intervene permissively pursuant to Fed. R. Civ. P. 24(b)(2). Defendants and Plaintiffs have taken no position on the motion and have not filed briefs in opposition.

The Complaint presents three claims of relief—each claim ultimately challenges the Forest Service's authorization of snowmobile access to the Beaverhead-Deerlodge National Forest. First, Plaintiff claims the Forest Service violated the National Environmental Protection Act ("NEPA"). The second and third claims for relief allege violations of certain executive orders.

## II. Standard of Review

Whether the Snowmobile Associations are entitled to intervene as a matter of right is a question of law that receives de novo review. Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1397 (9th Cir. 1995). Questions of law are reviewed de novo. See U.S. v. Cabaccang, 332 F.3d 622, 624–625 (9th Cir. 2003) (en banc). A district court's decision to grant or deny permissive intervention under Rule 24(b) is reviewed for an abuse of discretion. See Beckman Indus. Inc. v. Int'l Ins. Co., 966 F.2d 470, 472 (9th Cir.1992).

## III. Analysis

The Snowmobile Associations move to intervene either as a matter of right under Fed. R. Civ. P. 24(a)(2) or as a matter of discretion under Fed. R. Civ. P. 24(b)(2). Fed. R. Civ. P. 24(a)(2) provides, in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the . . . transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit applies a four-part test to determine whether an applicant may intervene as of right.

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Wetlands Action Network v. United States Army Corps of Eng'rs, 222 F.3d 1105, 1114 (9th Cir. 2000). Because Rule 24(a)(2) is construed broadly in favor of intervention, the four-part test should also be construed broadly. See Scotts Valley Band of Pomo Indians v. United States, 921 F.2d 924, 926 (9th Cir. 1990).

The Ninth Circuit recently abandoned a rule that categorically prohibited private parties from intervening of right on the merits of claims brought under NEPA. Wilderness Socy. v. U.S. Forest Serv., 2011 WL 117627, *5 (9th Cir. 2011). Now, a third party has a "significantly protectable" interest if "'the interest is protectable under some law,' and . . . 'there is a relationship between the legally protected interest and the claims at issue.'" Id. (quoting Sierra Club v.

EPA, 995 F.2d 1478, 1484 (9th Cir. 1993). "A putative intervenor will generally demonstrate a sufficient interest for intervention of right in a NEPA action, as in all cases, if 'it will suffer a practical impairment of its interests as a result of the pending litigation.'" Id. (quoting California ex rel. Lockyer, 450 F.3d 436, 441 (9th Cir. 2006)).

The Snowmobile Associations satisfy the four-part test. Their motion to intervene is timely. The case management plan was entered December 14, 2010, and no substantive rulings have been made. The Snowmobile Associations assert a significantly protectable interest in the use and enjoyment of the Beaverhead-Deerlodge National Forest. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 582 (1982) (Stevens J. Concurring); Wilderness Socy., 2011 WL 117627 at *5. Plaintiffs seek an injunction to discontinue the Snowmobile Associations' members' access to the forest, and the Associations assert defenses of the government rulemaking that respond to challenges made by the plaintiffs.

Finally, the existing parties may not adequately represent the interests of the Snowmobile Associations. A party seeking to intervene has a minimal burden to show that interests "may be" inadequately represented. Trobovich v. United Mine Workers of Am., 404 U.S. 528, 538 (1972) (holding potential complaint of lawyer's performance justified intervention). Considering the low burden and various arguments and strategies that can be presented in an action, the

Snowmobile Associations interests may not be adequately represented.  Therefore,

IT IS HEREBY ORDERED, the motion (dkt # 4) is GRANTED.  The Snowmobile Associations are entitled to intervene as a matter of right.

Dated this 9th day of February, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT