

FILED

MAR 25 2014

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, FRIENDS OF THE BITTERROOT, INC., and MONTANANS FOR QUIET RECREATION, INC., | CV 10–104–M–DWM |
| Plaintiffs, | |
| vs. | ORDER |
| UNITED STATES FOREST SERVICE, LESLIE WELDON, in her official capacity as the Regional Forester for Region 1, GLORIA MANNING, in her official capacity of the appeal deciding officer for the Chief of the Forest Service, and DAVE MEYER, in his official capacity as Forest Supervisor for the Beaverhead Deerlodge National Forest, | |
| Defendants, | |
| and | |
| MONTANA SNOWMOBILE ASSOCIATION and IDAHO STATE SNOWMOBILE ASSOCIATION, | |
| Intervenor-Defendants | |

This matter comes before the Court on Plaintiffs' submission styled as a

Motion to Enforce Remand. (Doc. 79-01.) On April 2, 2012 the Court ordered this case remanded to the United States Forest Service "for the limited purpose of applying the minimization criteria mandated by E.O. 11644 at the route-specific level where specific snowmobile routes are designated." (Doc. 66 at 38.) Plaintiffs now seek a declaration that the United States Forest Service in violation of the Court's April 2, 2012 Order and remand to the agency for further analysis. (Doc. 79 at 17.)

The procedural posture of this matter is determinative of the outcome of Plaintiffs' Motion and therefore requires exposition. Plaintiffs filed their Complaint on September 7, 2010, seeking judicial review of the United States Forest Service's Revised Land and Resource Management Plan for the Beaverhead-Deerlodge National Forest due to the Plan's designation of parts of the Forest as open to snowmobiling. (Doc. 1.) The Court rendered its decision on the parties' cross-motions for summary judgment on April 2, 2012. (Doc. 66.) The Court granted in-part and denied in-part the Plaintiffs' Motion, remanding the matter to the Forest Service for the narrow purpose of applying minimization criteria mandated by Executive Order 11644 at the route-specific level where specific snowmobile routes are designated. (*Id.* at 38.) On November 16, 2012, Defendants filed notice of their satisfaction of the remand order. (Doc. 78.)

Plaintiffs appealed the Court's decision on the parties' cross-motions for summary judgment. (Doc. 68.) A decision has not yet been rendered by the Ninth Circuit Court of Appeals.

This Court presently lacks jurisdiction to adjudicate Plaintiffs' Motion. Jurisdiction over appeals from all final decisions of the district courts is vested in the courts of appeals. 28 U.S.C. § 1291. The Supreme Court has cautioned that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*). Plaintiffs' Notice of Appeal divests this court of jurisdiction and a decision on its Motion to Enforce Remand will not be rendered at this time.

Plaintiffs aver that their pending appeal does not divest the Court of jurisdiction because the subject matter of the appeal differs from the subject matter of their Motion. They simultaneously claim that their Motion seeks to clarify ambiguity in the Court's Order on Summary Judgment and that they do not seek clarification of the Court's Order on Summary Judgment. (*Compare* Doc. 82 at 2 with Doc. 82 at 5.) They cannot cast their Motion both ways. The Motion seeks

clarification of the scope of work ordered to be performed on remand based on the minimization criteria set forth in Executive Order 11644. (*See* Doc. 79 at 2.) The Court's interpretation of the meaning of these criteria and the degree of the Forest Service's compliance are matters submitted to the Ninth Circuit as part of Plaintiffs' appeal. *See* Opening Br. at 43-44, 51-52, *Wildlands CPR, et al. v. United States Forest Service* (9th Cir. Sept. 21, 2012) (No. 12-35434). The relief sought is expressly barred, as it calls for shifting the terrain of the Court's judgment while this matter is on appeal. *See Griggs* 459 U.S. at 58; *see also Visioneering Constr. & Dev. Co. v. United States Fidelity & Guar.*, 661 F.2d 119, 124 n.6 (9th Cir. 1981) ("Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case or proceed further except by leave of the Court of Appeals.")

IT IS ORDERED that Plaintiffs' Motion to Enforce Remand, (Doc. 79), is DENIED, subject to renewal following the Ninth Circuit Court of Appeals' decision.

DATED this 25th day of March, 2014.

Donald W. Molloy, District Judge
United States District Court

-4-